UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIDGET L. SCOTT,

                Plaintiff,

        -against-

NORTHERN MANOR MULTICARE
CENTER, INC.,

                Defendant.

21-CV-1885 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendant violated her rights. By order dated August 5, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Using the Court's form "Complaint for Civil Rights Violation (Non-Prisoner)," Plaintiff Bridget L. Scott brings this complaint against Northern Manor Multicare Center, Inc., purportedly seeking to challenge Magistrate Judge Judith C. McCarthy's decision in *Scott v. Northern Manor Multicare Ctr. Inc.*, ECF 7:15-CV-2495, 41 (S.D.N.Y. Mar. 30, 2018) ("*Scott I*")[1]. In *Scott I*, Plaintiff, who was represented by counsel, alleged that Defendant, her former employer, discriminated against her on the basis of her race. By opinion and order dated March 30, 2018, Magistrate Judge McCarthy granted Defendant's motion for summary judgment. *Id.*

---

[1] On December 14, 2015, the parties consented to have Magistrate Judge McCarthy conduct all proceedings in the case, including trial, the entry of final judgment, and all post-trial proceedings. (ECF No. 14.)

Plaintiff subsequently sought an extension of time to appeal Judge McCarthy's decision to the United States Court of Appeals for the Second Circuit, but Judge McCarthy denied that request. (*Id.* at ECF Nos. 43-44.) On October 28, 2020, Plaintiff wrote a letter to then-Chief Judge McMahon, seeking an opportunity to appeal Judge McCarthy's decision. (*Id.* at ECF No. 45.) On March 3, 2021, Plaintiff filed this new action.

On the Court's form complaint, Plaintiff checked the box indicating that she is bringing suit against Federal officials (a *Bivens* claim).[2] In the section of the form complaint asking Plaintiff to identify the federal constitutional or statutory rights that were violated, Plaintiff asserts: "[m]isconduct and inexperience of officiating judge lacking experience of discrimination in cases of African-American discrimination leading to the disability of that officiating judge. My constitutional rights were violated." (ECF No. 2 at 3.) Plaintiff asserts that Magistrate Judge McCarthy erred in her decision in *Scott I*, and Plaintiff attempts to reassert her claims that Defendant harassed, discriminated, and retaliated against her because of her race.

Plaintiff seeks "to be compensated based on the valuation report of my economic loss, if not, then I wish to proceed to appear before Congress with my complaint, to the Judicial Commission," (*Id.* at 5.)

## DISCUSSION

Any claims Plaintiff may be seeking to raise in this complaint are barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a

---

[2] The Court notes that Defendant Northern Manor Multicare Center, Inc., is not a Federal official.

judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially

inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff previously filed an action in this Court against Defendant that was based on the same events that Plaintiff describes in this complaint. That previous action was adjudicated on the merits. A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of previous action in this Court, her claims are barred by the doctrine of claim preclusion.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint is dismissed as barred by the doctrine of claim preclusion. Plaintiff's request for injunctive relief is denied as moot.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 17, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                      Chief United States District Judge